IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie J. Jackson, ) | |
| ) | Civil Action No.: 6:12-cv-00231-TLW |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Doctor Donald Sampson, ) | |
| Doctor Steen, and Warden Stevenson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# ORDER

The plaintiff, Willie J. Jackson ("plaintiff"), a state prisoner, brought this action, proceeding pro se, pursuant to 42 U.S.C. § 1983 on January 27, 2012. (Doc. #1). The defendants, Doctor Donald Sampson, Doctor Steen, and Warden Stevenson (collectively "defendants"), moved for summary judgment on May 17, 2012. (Doc. #31). On May 18, 2012, plaintiff was provided with a copy of the defendants' summary judgment motion, an explanation of the summary judgment procedure, as well as the pertinent portions of Rule 56 of the Federal Rules of Civil Procedure, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. #33). On July 16, 2012, the plaintiff filed a Response in Opposition to the defendant's Motion for Summary Judgment. (Doc. #47).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kevin McDonald, to whom this case had previously been assigned. (Doc. #49). In the Report, Magistrate Judge McDonald recommends that this Court grant the defendants' Motion for Summary Judgment. (See Doc. #49). The plaintiff filed Objections to the Report on September 10, 2012.[1] (Doc. #51).

---

[1] The Objections filed by the plaintiff do not appear to raise any issues that were not before the Magistrate Judge. Nevertheless, this Court has reviewed the plaintiff's Objections in light of the Wallace standard.

This Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636.  In conducting its review, this Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, this Court has reviewed, <u>de novo</u>, the Report and plaintiff's Objections.  After careful review of the Report and Objections thereto, this Court **ACCEPTS** the Magistrate Judge's Report and Recommendation.  (Doc. #49).  This Court notes that plaintiff admits in his Complaint that he was evaluated by "the institutional physician" who "determined no treatment would be ordered" for plaintiff's Hepatitis C.  (Doc. #1 at 4, ¶ 7).  Moreover, the plaintiff's medical records confirm that plaintiff was evaluated by Dr. Sampson and that Dr. Sampson and plaintiff discussed the results of plaintiff's Hepatitis C tests, which the doctor determined did not require treatment, and the doctor further explained that plaintiff's condition would continue to be monitored over time.  (Doc. #31-3 at 7–8, encounter 292).  Plaintiff's primary complaint focuses on dissatisfaction with his treatment, as opposed to deliberate indifference to his medical needs.

Therefore, for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that defendant's Motion for Summary Judgment is **GRANTED** (Doc. #31) and the above-captioned case is **DISMISSED** with prejudice.

  **IT IS SO ORDERED**.

s/ Terry L. Wooten<br>
Terry L. Wooten<br>
Chief United States District Judge

January 30, 2013
Columbia, South Carolina

3